**Jeet SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70567.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 26, 2007.

Kuldip S. Dhariwal, Esq., Fremont, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, Kathleen V. Gunning, Esq., San Francisco, CA, FDIC—Federal Deposit Insurance Corporation, Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

## MEMORANDUM **

Jeet Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision, which summarily affirmed the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA affirms without an opinion, we review the IJ's decision directly. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence, *Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir.2003), and we deny the petition for review.

The IJ found that, even assuming Singh's testimony was credible and that past persecution was established, the government submitted evidence establishing that Singh no longer had a well-founded fear of future persecution because of changed country conditions. Because the IJ performed a sufficiently individualized analysis of the State Department's country profile reports regarding the current treatment of Sikhs in India, substantial evidence supports this finding. *See* 8 C.F.R. § 208.13(b)(1); *see also Gonzalez–Hernandez*, 336 F.3d at 998–99.

Because Singh did not demonstrate that he was eligible for asylum, it follows

that he did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

Substantial evidence also supports the IJ's denial of CAT relief because Singh did not establish that it is more likely than not that he will be tortured if he returns to India. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

